IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES B. STARKE, JR., ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:22-CV-0835-X-BH |
| ) | |
| CITY OF DALLAS, STATE OF ) | |
| TEXAS, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this removed criminal prosecution should be **REMANDED** to the state court *sua sponte*.

### I. BACKGROUND

On April 13, 2022, Charles B. Starke, Jr. (Defendant) filed a two-page document entitled, "Title 28 U.S.C. § 1446 Removal Statute." (*See* doc. 3.) The first page states:

> Deprivation Due Process of Law in State Court
> Deprivation Equal Protection of law in State Court

(*Id.* at 1.) The second page is a copy of an indictment filed against him on March 22, 2022, in Case No. F2071362 in Dallas County, Texas; it charges him with the offense of evading arrest and detention with a vehicle on or about the 11th day of June, 2020. (*Id.* at 2.) The case is pending in the 291st District Court. (*See id.* at 4.)

### II. REMOVAL OF CRIMINAL PROSECUTIONS

Although Defendant expressly relies on 28 U.S.C. § 1446, it is § 1443 that authorizes a removal of a pending state criminal prosecution to federal court in certain circumstances. It provides:

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The defendant bears the burden of establishing his right to removal under this statute. *See Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86–87 (5th Cir. 1982). The notice of removal must be examined promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).[2]

"Only a very small class of criminal cases are removable to federal court: (1) actions against federal law enforcement officers or officials for acts taken in performance of their official duties; (2) prosecutions of members of the armed forces; (3) prosecutions against officials for acts or refusals to act under civil rights statutes; and (4) suits '[a]gainst any person who is denied or cannot enforce' in the state courts 'a right under any law providing for the equal civil rights of citizens of the United States.'" *Mnuk v. Texas*, No. A-14-CA-1128-SS, 2015 WL 4395376, at *1 (W.D. Tex. July 16, 2015) (citing 28 U.S.C. §§ 1442, 1442a, 1443). Defendant does not allege that he is a federal officer, a member of the armed forces, or an official enforcing a civil rights statute. *See* 28

---

[2] The procedural requirements for removing a state court criminal proceeding to federal district court are found in 28 U.S.C. § 1455. It requires the removing party to file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). The notice of removal of a criminal prosecution must include "all grounds for such removal." *Id.* § 1455(b)(2). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4). Here, the notice of removal does not comply with § 1455(a) because it does not include "a copy of all process, pleadings and orders served upon such defendant or defendants in such action."

2

U.S.C. §§ 1442, 1442a, 1443(2)³.

To remove a case under § 1443(1), Defendant must show that: (1) the right allegedly denied him arises under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) he cannot enforce the specified federal right in state court. *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (citing *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)).  This two-part test is strictly construed  because "vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (citing *Rachel*, 384 U.S. at 780).  This removal statute "does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." *Id*.

Here, Defendant's two-line notice of removal fails to allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, so he has failed to satisfy the first prong of the two-part test. *See U.S. Bank Nat'l Assn v. Jefferson*, 314 F. Supp. 3d 768, 778-79 (S.D. Tex. 2018) (noting that notice of removal and exhibits did not mention the defendants' race or assert race-based discrimination in finding a failure to satisfy the first prong of the *Johnson* test). Even conclusory allegations of racial discrimination are insufficient to meet the first requirement to remove a pending state criminal prosecution to federal court.  *See Gulf Water Benefaction Co.*, 679 F.2d at 86; *Homer v. Texas*, No. 3:10-CV-2549-M-BK, 2011 WL 721972, at *2 (N.D. Tex. Feb.

---

²Subsection (2) of § 1443(2) is "limited to federal officers and those authorized to act for them or under them." *Varney v. Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971) (per curiam) (citing *City of Greenwood v. Peacock*, 384 U.S. 808 (1966)).

7, 2011); *Texas. v. Rodgers*, No. 3:05-CV-0022-H, 2005 WL 464586, at *1 (N.D. Tex. Feb. 28, 2005). It is " not enough to support removal [by] alleg[ing] that 'federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'" *Johnson*, 421 U.S. at 222 (quoting *City of Greenwood*, 384 U.S. at 827). A defendant has "varied avenues of relief [outside of removal to federal district court] for vindication of any of [his] federal rights that may have been or will be violated." *Id*. at 228.

Defendant has not established his right to removal under 28 U.S.C. § 1443.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the 291st District Court of Dallas County, Texas, for further proceedings.

**SO RECOMMENDED this 18th day of April, 2022.**

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                     IRMA CARRILLO RAMIREZ
                                                                         UNITED STATES MAGISTRATE JUDGE